# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MMA GROUP 1 INC. d/b/a TOBACCO HUT STATE COLLEGE, *et al.*, | : CIVIL ACTION NO. 3:26-CV-01385 |
| | : |
| | : (Judge Munley) |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| DAVID W. SUNDAY, JR., *et al.*, | : |
| | : |
| Defendants. | : |

---

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs, by and through their undersigned counsel, Babst, Calland, Clements & Zomnir, P.C. and Moran Reeves & Conn, P.C.,[1] move for a preliminary injunction against Defendants David W. Sunday Jr. ("AG Sunday") in his official capacity as the Attorney General of Pennsylvania and Patrick M. Browne ("Secretary Browne") in his official capacity as the Secretary of Revenue of Pennsylvania, in connection with Act 57 of 2025, which amended and supplemented the Commonwealth's Fiscal Code by, *inter alia*, adding Article II-I at 72 P.S. §§ 201–I to 206–I pertaining to the manufacture, importation, wholesaling, and retail sale of electronic nicotine delivery systems

---

[1] *Pro hac vice* applications for counsel associated with Moran Reeves & Conn, P.C. are currently pending before this Court.

("ENDS"), commonly known as e-cigarettes or vapes, in the Commonwealth.

Because Act 57 conditions the manufacture, wholesale, and retail sale of e-cigarettes on federal regulatory compliance, Plaintiffs seek a preliminary injunction prohibiting AG Sunday and Secretary Browne from implementing or enforcing Sections 206-I(m), (n), (o), (q), (r), and (s) of Act 57 of 2025 (collectively the "Act 57 Enforcement Provisions") on preemption grounds.[2]  *See Iowans for Alts. to Smoking & Tobacco, Inc. v. Iowa Dep't of Rev.*, 781 F. Supp. 3d 724 (Iowa 2025); *Nova Distro, Inc. v. Miyares*, No. 3:25–cv–857–DJN, 2025 WL 3680321 (E.D. Va. Dec. 18, 2025); *see also Vapor Tech. Ass'n v. Marshall*, 03–CV–2025–901284 (Ala. Cir. Ct.—Montgomery Cnty. Aug. 15, 2025).

Plaintiffs also ask that this Court set no injunction bond under Rule 65(c), because there is no harm to Defendants, who are designees of the Government sued in their official capacity, "by the issuance of a preliminary injunction which prevents the state from enforcing restrictions likely to be found unconstitutional.  If anything, the system is improved by such an injunction." *Leaders of a Beautiful Struggle v. Balt. Police Dep't*, 2 F.4t 330, 346 (4th Cir. 2021) (internal citation and quotation marks omitted); *see*, *e.g.*, *Iowans for Alts. to Smoking & Tobacco*, 781 F. Supp. 3d at 744 (waiving bond requirement); *Nova Distro*, 2025 WL 3680321, at *25 (same);

---

[2] Plaintiffs are not moving at this time for a preliminary injunction with respect to Section 206-I(j)(2) of Act 57, which is the subject of their Due Process challenge in Count III of the Complaint.

*see also Transcontinental Gas Pipe Line Co. v. Permanent Easement for 3.70 Acres*, No. 4:17–CV–00628, 2017 WL 3425597, at \*8 (M.D. Pa. Aug. 9. 2017) ("Rule 65(c) gives the district court wide discretion to set the amount of a bond.") (internal citation and quotation marks omitted). Alternatively, Plaintiffs ask for a nominal or otherwise insubstantial injunction bond.

Moreover, Plaintiffs respectfully request that this Court hold a hearing on the Motion as soon as reasonably practicable because the directory provision of Act 57 will take effect no later than June 20, 2026 (Dkt. 1 ¶ 210), and that provision is the triggering event for potential civil and criminal liability for Plaintiffs.[3]

Finally, on May 20, 2026, and pursuant to Local Rule 7.1, the undersigned counsel provided a copy of the Verified Complaint, as well as advance copies of this Motion, the proposed Order, and the proposed supporting Brief, to AG Sunday and Secretary Browne, via email to Nicole DiTomo, Esquire, Chief of the Civil Division, Pennsylvania Office of Attorney General (nditomo@attorneygeneral.gov), and Thomas Gohsler, Esquire, Chief Counsel, Governor's Office of General Counsel, Pennsylvania Department of Revenue (tgohsler@pa.gov), requesting Defendants'

---

[3] If possible, Plaintiffs would respectfully respect that the hearing not take place on either June 9 or June 10, 2026, because the undersigned counsel has his final meeting for the Supreme Court of Pennsylvania's Civil Procedural Rules Committee on those dates in Bedford, Pennsylvania.

concurrence with the Motion. Neither AG Sunday nor Secretary Browne have responded as of the filing of the instant Motion, and therefore, it is deemed contested.

In further support of their Motion, Plaintiffs incorporate by reference the reasons set forth in the supporting Brief filed contemporaneously herewith.

Respectfully submitted,

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
PA ID No. 307712
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
300 N. Second Street, Suite 801
Harrisburg, PA 17101
(717) 868-8378
ccoyle@babstcalland.com

Joseph V. Schaeffer, Esquire
PA ID No. 323256
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, Floor 6
603 Stanwix St.
Pittsburgh, PA 15222
(412) 394-5499
jschaeffer@babstcalland.com

Stewart R. Pollock, Esquire
VA ID No. 981381 (*pro hac vice pending*)
MORAN REEVES & CONN, P.C.
1211 E. Cary Street
Richmond, Virgina 23219
(804) 864-4832
spollock@moranreevesconn.com

*Counsel for Plaintiffs*

Dated: May 21, 2026

# CERTIFICATE OF NON-CONCURRENCE

I, Casey Alan Coyle, certify that, on May 20, 2026, and pursuant to Local Rule 7.1, I provided a copy of the Verified Complaint, as well as advance copies of this Motion, the proposed Order, and the proposed supporting Brief, to Defendants, via email to Nicole DiTomo, Esquire, Chief of the Civil Division, Pennsylvania Office of Attorney General (nditomo@attorneygeneral.gov), and Thomas Gohsler, Esquire, Chief Counsel, Governor's Office of General Counsel, Pennsylvania Department of Revenue (tgohsler@pa.gov), requesting Defendants' concurrence with the Motion.  Neither AG Sunday nor Secretary Browne have responded as of the filing of the instant Motion, and therefore, it is deemed contested.

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
*Counsel for Plaintiffs*

# CERTIFICATE OF SERVICE

I, Casey Alan Coyle, certify that on this 21st day of May, 2026, I electronically filed the foregoing PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION using the Court's CM/ECF System, that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF System, in accordance with Rule 5.7 of the Local Rules of Court for the Middle District of Pennsylvania. I will also serve a courtesy copy of the foregoing MOTION upon Nicole DiTomo, Esquire, Chief of the Civil Division, Pennsylvania Office of Attorney General (nditomo@attorneygeneral.gov), and Thomas Gohsler, Esquire, Chief Counsel, Governor's Office of General Counsel, Pennsylvania Department of Revenue (tgohsler@pa.gov), via email.

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
*Counsel for Plaintiffs*