| | | |
|---|---|---|
| MMA GROUP 1 INC. d/b/a TOBACCO HUT STATE COLLEGE, *et al.*, | : : : : | CIVIL ACTION NO. 3:26-CV-01385 (Judge Munley) |
| Plaintiffs, | : : | |
| v. | : : | |
| DAVID W. SUNDAY, JR., *et al.*, | : : | |
| Defendants. | : | |

## BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT

## I.  INTRODUCTION

This case involves a constitutional challenge to Act 57 of 2025 ("Act 57"), which conditions the manufacture, wholesale, and retail sale of electronic nicotine delivery systems ("ENDS")—commonly known as e-cigarettes or vapes—in Pennsylvania on federal regulatory compliance. (Dkt. 1.) Currently pending before the Court is Plaintiffs' Motion for Leave to Exceed Page Limit, seeking leave to file a Brief in Support of their Motion for Preliminary Injunction in excess of 5,000 words, but not to exceed 6,500 words. For the reasons set forth herein, Plaintiffs respectfully request that this Court grant the Motion.

## II. STATEMENT OF THE CASE

On May 20, 2026, Plaintiffs filed a Complaint against Defendants David W. Sunday, Jr. ("AG Sunday") in his official capacity as the Attorney General of Pennsylvania and Patrick M. Browne ("Secretary Browne") in his official capacity as the Secretary of Revenue of Pennsylvania, asserting claims for express preemption (Count I), implied preemption (Count II), and Section 1983–Substantive Due Process (Count III) in connection with Act 57. (Dkt. 1 ¶¶229–251.) On May 21, 2026, Plaintiffs filed a Motion for Preliminary Injunction, seeking a preliminary injunction prohibiting AG Sunday and Secretary Browne from implementing or enforcing Sections 206-I(m), (n), (o), (q), (r), and (s) of Act 57 (collectively the "Act 57 Enforcement Provisions") on preemption grounds. (Dkt. 5.)

By operation of Local Rule 7.5, Plaintiffs have until June 4, 2026, to file their Brief in Support of their Motion for Preliminary Injunction. L.R. 7.5. However, given that Plaintiffs are seeking injunctive relief from the Court on an expedited basis, Plaintiffs wish to file their supporting Brief as soon as possible. Therefore, and because the supporting Brief prepared by Plaintiffs exceeds the 5,000 word-limit established by Local Rule 7.8 despite substantial revisions, Plaintiffs filed a Motion for Leave to Exceed Page Limit contemporaneously with the filing of their Motion for Preliminary Injunction.

**IV. STATEMENT OF QUESTION INVOLVED**

    A.    Whether this Court should grant Plaintiffs' Motion for Leave to Exceed Page Limit, where the Motion for Leave is timely, the Motion for Preliminary Injunction raises complex legal issues that necessitate extensive briefing, Plaintiffs have made significant efforts to trim the proposed supporting Brief to fit within the existing 5,000 word limit to no avail, and Plaintiffs are amenable to a corresponding extension of the word limit for Defendants' opposition brief(s) should they deem it necessary?

    **Suggested Answer: Yes, grant the Motion and permit Plaintiffs to file a Brief in Support of their Motion for Preliminary Injunction in excess of 5,000 words, but not to seek 6,5000 words.**

**V. ARGUMENT**

Local Rule 7.8 generally prohibits a party from filing a brief in excess of 5,000 words. L.R. 7.8(b)(2). However, Local 7.8 permits a party to seek leave to file a brief in excess of 5,000 words, so long as the party identifies in its moving papers the "the length of the brief requested" and the request is made "at least two (2) working days before the brief is due." L.R. 7.8(b)(3).

Here, good cause exists to enlarge the word limit for the Brief in Support of Plaintiffs' Motion for Preliminary Injunction to 6,500 words because: the Motion for Leave is timely; the Motion for Preliminary Injunction raises complex legal issues that necessitate extensive briefing, as evidenced by the Verified Complaint; Plaintiffs have made significant efforts to trim the proposed supporting Brief to fit within the existing 5,000 word limit to no avail; and Plaintiffs are amenable to a

corresponding extension of the word limit for Defendants' opposition brief(s) should they deem it necessary.

## VI. CONCLUSION

For these reasons, Plaintiffs respectfully request that this Court grant their Motion for Leave to Exceed Page Limit and enter the form of Order submitted herewith.

Respectfully submitted,

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
PA ID No. 307712
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
300 N. Second Street, Suite 801
Harrisburg, PA 17101
(717) 868-8378
ccoyle@babstcalland.com

Joseph V. Schaeffer, Esquire
PA ID No. 323256
BABST, CALLAND, CLEMENTS & ZOMNIR, P.C.
Two Gateway Center, Floor 6
603 Stanwix St.
Pittsburgh, PA 15222
(412) 394-5499
jschaeffer@babstcalland.com

Stewart R. Pollock, Esquire
VA ID No. 981381 (*pro hac vice pending*)
MORAN REEVES & CONN, P.C.
1211 E. Cary Street
Richmond, Virgina 23219
(804) 864-4832
spollock@moranreevesconn.com

*Counsel for Plaintiffs*

Dated: May 21, 2026

## CERTIFICATE OF SERVICE

I, Casey Alan Coyle, certify that on this 21st day of May, 2026, I electronically filed the foregoing BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO EXCEED PAGE LIMIT using the Court's CM/ECF System, that all participants in this case are registered CM/ECF users, and that service will be accomplished by the CM/ECF System, in accordance with Rule 5.7 of the Local Rules of Court for the Middle District of Pennsylvania. I will also serve a courtesy copy of the foregoing MOTION upon Nicole DiTomo, Esquire, Chief of the Civil Division, Pennsylvania Office of Attorney General (nditomo@attorneygeneral.gov), and Thomas Gohsler, Esquire, Chief Counsel, Governor's Office of General Counsel, Pennsylvania Department of Revenue (tgohsler@pa.gov), via email.

*/s/ Casey Alan Coyle*
Casey Alan Coyle, Esquire
*Counsel for Plaintiffs*